LINDSAY LIGHT CO. v. LAUBER et al.

(Supreme Court, Appellate Term, First Department. January 7, 1916.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬡⇒316—SETTLEMENT WITH CREDITORS—ASSIGNEE'S LIABILITY.

A firm indebted to plaintiff's assignor was advised by a firm of attorneys to turn over everything to them and that they would settle with the creditors, and made an assignment to the attorneys for the benefit of creditors, and the attorneys at once took possession and managed the business, and at a creditors' meeting stated that they were the debtor's

⬡⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

attorneys and were in a position to pay 20 per cent., for which the creditors might look to them and that they would be responsible for its payment, whereupon the creditors signed an agreement accepting the 20 per cent. of their claims against the debtor firm, designated by name, and thereafter creditor assigned its claim against the debtor firm, designated by name. *Held*, that the promise to pay the claim was consistent with defendants' duties as attorneys, and did not amount to their personal promise to assume its payment.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 926; Dec. Dig. ☞316.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Lindsay Light Company against Joseph E. Lauber, impleaded with Bernard Robinson. From a judgment rendered against him in favor of the plaintiff after a trial by the court without a jury, defendant Joseph E. Lauber appeals. Reversed, and complaint dismissed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

David C. Myers, of New York City (Charles Goldzier, of New York City, of counsel), for appellant.

Isaac Hyman, of New York City, for respondent.

FINCH, J. The plaintiff is the assignee of the Allen Supply Company. The firm of Rosenberg & Ludwig was indebted to the Allen Supply Company in the sum of about $800. The firm becoming involved and unable to meet their obligations, Rosenberg consulted these defendants, attorneys, composing the firm of Robinson & Lauber, and Rosenberg testifies, " * * * and then they told me to turn over everything to them and they will settle with the creditors, they will pay the creditors." Rosenberg & Ludwig thereupon made an assignment to the defendant Bernard Robinson of all the interest of Rosenberg & Ludwig in all the property "within the store known as R. & L. Supply Company, and that this assignment is made for the benefit of all of our and each of our creditors herein." Immediately the defendants took possession of the store and put a man in charge, and employed Rosenberg and Ludwig on a salary, and the defendants took all the money received from articles sold in the store and from the outside accounts. Subsequently the defendants called a meeting of the creditors of Rosenberg & Ludwig, and at that meeting the defendants first offered 25 per cent. of their claims to the creditors. Later on at this same meeting this offer was modified to 20 per cent. Mr. Allen, the president of the Allen Supply Company, testifies that Mr. Lauber said:

"Gentlemen, we have called you together to see as to whether we would effect a settlement. Messrs. Rosenberg & Ludwig have turned over everything to us. We are in absolute control of the assets and liabilities and everything else. Now, we are in a position, the liabilities are in the neighborhood of $1,100 to $1,200, and we are in a position to offer you 25 cents on the dollar."

After the creditors decided to accept this, Mr. Robinson said:

"Gentlemen, the deal is off; all we can pay is 20 per cent. on the dollar."

And then the witness (Allen) testifies he said to Mr. Robinson:

"You have offered us 25 per cent. here a few moments ago, and now you offer us 20 per cent. What assurances have we got that we are going to get this 20 per cent.?"

And, according to the testimony of the witness, Mr. Robinson said:

"'You can look forward to us. We are in a position to pay 10 per cent. immediately within the next few days, and the other 10 per cent. within a period of 10 days.' And I [the witness] said: 'Now, can we be assured?' And Mr. Robinson replied: 'Yes, look to us; everything is in our hands.'"

On cross-examination the witness testified that when Mr. Lauber opened the meeting he said:

"Gentlemen, we are the attorneys for Rosenberg & Ludwig."

Another witness for the plaintiff testified:

"Mr. Robinson stated that they were in possession of all the property; 'look to us for the payment; we are responsible to you gentlemen for the 20 per cent.,' and we would get it."

On cross-examination this witness also said that the defendants stated very frequently that they were the lawyers representing Rosenberg & Ludwig, and that Mr. Lauber, after he made the statement that his firm was acting as the lawyers for Rosenberg & Ludwig, stated what the assets and liabilities were. The same witness testified further:

"Q. Did either one of the defendants' firm, Robinson or Lauber, use the word that they would guarantee the amount? * * * A. Yes, sir; they guaranteed it."

The creditors present at the meeting then signed the following agreement:

"We, the undersigned, creditors of Hyman Rosenberg and Jacob Ludwig, transacting business in the borough of Manhattan, city, county, and state of New York, under the firm name of R. & L. Supply Company, in consideration of the mutual promises of each of us, who have signed our names to this agreement, do hereby agree to accept 20 per cent. of our claims against the said Hyman Rosenberg and Jacob Ludwig, and agree to waive our claims for the balance; that said 20 per cent. shall be accepted in full payment of whatsoever kind and nature against the said Rosenberg and Ludwig jointly and separately.
"Dated December 10, 1913."

On the same day the Allen Supply Company assigned to the plaintiff herein their claim against Rosenberg & Ludwig, denominating it as follows:

"All our claims which we now have against Hyman Rosenberg and Jacob Ludwig, amounting to the sum of about $800, and which has been compromised at 20 per cent., which makes the amount now due the sum of $156, for merchandise sold to them, as more particularly shown by the statement hereto annexed."

No evidence is offered on behalf of the defendants. The defendant Lauber alone appeals, and his claim is that this contract was not made by the defendants personally, but that it was understood by all the creditors that they were merely acting as attorneys for Rosenberg &

Ludwig, and that their claims were to be paid out of the partnership property.

It seems to me that the evidence which is relied upon to fasten a personal promise on the defendant is entirely consistent with the duties that the defendants had undertaken as attorneys, and that such evidence does not amount to any promise on the part of the defendant Lauber to personally assume the payment of the debts. This view of the evidence is very strongly corroborated by the agreement which the creditors signed after the conversations at this meeting. In this agreement it will be noted that there is not one word which imports a personal liability on behalf of the defendant, and it is strange that among so many creditors there was not one to insist that this personal liability of the defendants be in some way incorporated in the agreement,· or at least that the defendants should sign the same.

Judgment should be reversed, with $30 costs, and complaint dismissed, with costs.

BIJUR, J. (concurring).· It seems to me that the most persuasive argument in plaintiff's favor is this: When the creditors were negotiating for a composition, they could not be negotiating with the assignees, because they have nothing to do with the composition. They must, therefore, have been negotiating with the debtors. The debtors ·were represented by defendants as their attorneys, and therefore the statement of the defendants in regard to the settlement and what would result therefrom must be read as the statement of the attorneys on behalf of their clients, the debtors.